NO. 07-00-0235-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 16, 2001

_____

KENNETH LEROY SIMMONS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 32,807-B; HONORABLE MARVIN MARSHALL, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

**ABATEMENT AND REMAND**

Upon a plea of guilty, on May 8, 1995, appellant Kenneth Leroy Simmons was granted deferred adjudication for burglary of a habitation and was placed on probation for five years. Then, upon the State's motion to proceed with an adjudication of guilt, the trial court found that appellant violated the conditions of his probation and adjudicated him

guilty. The clerk's record contains a blank order appointing counsel on appeal with a handwritten notation signed by appellant that he "does not want to appeal." Counsel for appellant, however, filed a notice of appeal.

On July 24, 2000, counsel for appellant filed a motion to abate the appeal explaining that she could not determine whether appellant wished to prosecute his appeal and that she had forwarded a motion to dismiss to him for his signature. In the motion, counsel stated that she anticipated filing the motion to dismiss in August 2000. The motion to abate the appeal was overruled and this Court *sua sponte* granted the court reporter an extension to file the reporter's record. No motion to dismiss was filed and appellant's brief was due to be filed no later than October 26, 2000. By letter dated December 12, 2000, this Court notified appellant's counsel, Ms. Cynthia J. Barela, of the defect and directed Ms. Barela to provide a satisfactory response to this Court by December 29, 2000, why the brief has not been filed. Ms. Barela did not respond and the brief remains outstanding.

Therefore, we now abate this appeal, and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b) (2) and (3) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal; and

2. whether appellant is indigent and entitled to appointed counsel.

The trial court shall cause the hearing to be transcribed. Should it be determined that appellant desires to continue the appeal and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of new counsel. If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing new counsel. Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Friday, February 23, 2001.

It is so ordered.

Per Curiam

Do not publish.